**UNITED STATES DISTRICT COURT**
**DISTRICT OF MARYLAND (GREENBELT)**

---

| | |
|---|---|
| JOHN VAN DRUFF, <br>        Plaintiff, <br><br> vs. <br><br> FACTORTRUST, INC., <br>        Defendant. | CASE NO. 1:18-cv-02827-GJH |

---

**FACTORTRUST, INC.'S ANSWER TO PLAINTIFF'S COMPLAINT**
**AND AFFIRMATIVE DEFENSES**

---

FactorTrust, Inc. ("FactorTrust"), by counsel, responds to Plaintiff's Complaint (the "Complaint") as follows.  For the Court's convenience, Plaintiff's allegations are set forth verbatim with FactorTrust's responses immediately following.

**The Parties:**

[sic]   **Plaintiff** JOHN VAN DRUFF is an individual residing in the State of Maryland.

**ANSWER:**  FactorTrust states that it lacks knowledge or information sufficient to form a belief about the truth of these allegations, which has the effect of a denial under Rule 8(b)(5).

[sic]   **Defendant** PNC BANK, NATIONAL ASSOCIATION (herein after "PNC BANK") [sic] is a subsidiary of PNC FINANCIAL SERVICES, based in Pittsburgh, PA.  PNC BANK does business in and is licensed to operate in the State of Maryland.  PNC BANK provides, among other services, consumer loans as well as consumer banking services.

**ANSWER:**  FactorTrust states that the allegations of this paragraph are legal conclusions and, so stating, denies them.

**Facts of the Case:**

1. [sic] FACTORTRUST, INC. ("Defendant") is a business licensed to do business in the State of Maryland (MD. Department of Taxation Number: ███████).

    a. The Defendant also engages in the production of Consumer Reports as defined by 15 U.S. Code § 1681(d)(l) and thus is subject to 15 U.S. Code § 1681, *et. Seq.* [sic] ("the Fair Credit Reporting Act" or "FCRA". [sic]

    b. This is evidenced in Addendum 1 of this Complaint wheriein [sic] the Plaintiff was able to obtain a Consumer Report from the Defendant (report 0000012136) produced on 07/27/2018) [sic]

**ANSWER:** FactorTrust states that the document identified as "Addendum 1" speaks for itself. FactorTrust admits that it is a "consumer reporting agency" as that term is defined by the Fair Credit Reporting Act, 15 U.S.C. § 1681, *et seq.* FactorTrust states that it lacks knowledge or information at this time sufficient to form a belief about the truth of the allegations that "Plaintiff was able to obtain a Consumer Report from the Defendant (report 0000012136) produced on 07/27/2018)," which has the effect of a denial under Rule 8(b)(5). FactorTrust states that the remaining allegations of this paragraph, including its subparts, are legal conclusions and, so stating, denies them.

2. [sic] John Van Druff ("Plaintiff' is a Resident of the State of Maryland..[sic]

    a. The Plaintiff has nn [sic] Adverse Account from Lender (unlicensed in the State of Maryland) called "SLC Cash Jar-Store 2" [sic]

        i. This portion of Page 2 of Addendum 1 of this Complaint and [sic] has been circled for the Court's convience. [sic]

        ii. The Age of this account is March 16th 2009 [sic]

**ANSWER:** FactorTrust states that the document identified as "Addendum 1" speaks for itself. FactorTrust states that it lacks knowledge or information at this time sufficient to form a belief about the truth of the remaining allegations, which has the effect of a denial under Rule 8(b)(5). FactorTrust states that it lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations, which has the effect of a denial under Rule 8(b)(5).

3. [sic] Addendum 2 (an e-mail from CashJar [sic] to the Plaintiff) indicated that the Plaintiff's account would be put into collections on February 8th 2010 [sic]

**ANSWER:** FactorTrust states that the document identified as "Addendum 2" speaks for itself. FactorTrust states that it lacks knowledge or information sufficient to form a belief about the truth of these allegations, which has the effect of a denial under Rule 8(b)(5).

4. [sic] Addendum 3 is a Formal Dispute (Dispute # 16167) submitted to the Defendant on July 27th 2018 [sic] arguing that the CashJar [sic] account is beyond the 7 year reportable age mandated in 15 U.S. Code § 168lc [sic]

    a.    The Plaintiff even took the time to remind the Plaintiff [sic] that:

*"The Fair Credit Reporting Act mandates that accounts be removed from consumer files after 7 years. (15 US. Code § 1681c). The account SLC - Cash Jar - Store 2 (Account 11057387) is from 2009, which was 9 years ago. I demand that you remove this account based on the FCRA."*

**ANSWER:** FactorTrust states that the document identified as "Addendum 3" speaks for itself. FactorTrust states that it lacks knowledge or information at this time sufficient to form a belief about the truth of the remaining allegations, which has the effect of a denial under Rule 8(b)(5). FactorTrust states that it lacks knowledge or information sufficient to form a belief about the truth of the remaining

allegations, which has the effect of a denial under Rule 8(b)(5).

5. [sic] Also on July 27th [sic], the Plaintiff also submitted an additional Formal Dispute to the Defendant (Dispute #16166) against Niizhwaaszi, LLC DBA Loans At Last (Account ▮▮▮▮), First Day Loan- Store 45 (Account ▮▮▮▮) and SLC- Cash Jar- Store 2 (Account ▮▮▮▮). This is Addendum 4.

    a.    The Plaintiff Ceased to pay these Loans on the grounds that they are illegal based on:

        i.    Their violation of Md. Com. Law [sic] § 12-306(6)(a), which caps consumer loans at 2% per month for amounts under $1,000 and 2.75% per month for loans under $2,000.

        ii.    Md. Com. Law [sic] § 12-314(b)(2)-Which states:

*The person who is neither a licensee nor except [sic] from licensing may not receive or retain any principal, interest, or other compensation with respect to any loan that is unenforceable under this subsection*

        iii.    None of these companies are licensed in the State of Maryland [sic]

    b.    The Plaintiff also ceased to pay these illegal loans under the advice ot [sic] the MD Attorney General's Consumer Protection office.

**ANSWER:** FactorTrust states that the document identified as "Addendum 4" speaks for itself. FactorTrust states that it lacks knowledge or information at this time sufficient to form a belief about the truth of these allegations, which has the effect of a denial under Rule 8(b)(5). FactorTrust states that the remaining allegations of this paragraph are legal conclusions and, so stating, denies them.

6. [sic] In the Formal Dispute 16166, the Plaintiff noted to the Defendant that is illegal under the RICO Act for an ongoing organization to engage in lending that skirts Federal or State Laws.

**ANSWER:** FactorTrust states that it lacks knowledge or information at this time sufficient to form a belief about the truth of these allegations, which has the effect of a denial under Rule 8(b)(5). FactorTrust states that it lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations, which has the effect of a denial under Rule 8(b)(5).

7. [sic] 18 U.S. Code§ 1962(b) prohibits:

> *It shall be unlawful for any person through a pattern of racketeering activity **or through collection of an unlawful debt to acquire or maintain, directly or indirectly, any interest in or control of any enterprise which is engaged in, or the activities of which affect,** interstate or foreign commerce* [sic]

**ANSWER:** FactorTrust states that the allegations of this paragraph are legal conclusions and, so stating, denies them.

8. [sic] An "unlawful debt" is defined under 18 USC § 1961(6) as:

> *...a debt (A) incurred or contracted in gambling activity which was in violation of the law of the United States, a State or political subdivision thereof, **or which is unenforceable under State or Federal law in whole or in part as to principal or interest because of the laws relating to usury...***

**ANSWER:** FactorTrust states that the allegations of this paragraph are legal conclusions and, so stating, denies them.

9. [sic] Loan At Last has been known to charge interest of over 600% APR (See Addendum 5-the Plaintiffs "agreement" with Loan at Last.).

**ANSWER:**  FactorTrust states that the document identified as "Addendum 5" speaks for itself. FactorTrust states that it lacks knowledge or information sufficient to form a belief about the truth of these allegations, which has the effect of a denial under Rule 8(b)(5).

10.[sic] First Day Loans Charges interest up to 690% APR [sic]

    a.    The Plaintiff no longer has the the [sic] documentation describing First Day Loans interest scheme, however, it can be found at at [sic] their website:

        i.    FirstDayLoan.com/fax.php

        ii.    Under the headline "Loan Information", Click "What is the cost of the loan?"

**ANSWER:**  FactorTrust states that the website referenced as FirstDayLoan.com/fax/php speaks for itself.  FactorTrust states that it lacks knowledge or information sufficient to form a belief about the truth of these allegations, which has the effect of a denial under Rule 8(b)(5).

11.[sic] Unfortunately, CashJar is Defunct [sic] to the best of the Plaintiff's knowledge, but the Plaintiff Swears [sic], under Penalty of Perjury, that their APR was in excess of 500%.

**ANSWER:**  FactorTrust states that it lacks knowledge or information sufficient to form a belief about the truth of these allegations, which has the effect of a denial under Rule 8(b)(5).

12.[sic] The Plaintiff Brought [sic] up the RICO Act because of how many such "Payday Loans" operate.

    a.    They set up shop with the help of Native American Tribes.

    b.    They use the legal concept of Tribal Sovereign Immunity to block attempts by State regulators and Attornies [sic] General to initiate actions to curb their otherwise illegal lending practices.. [sic]

**ANSWER:** FactorTrust states that it lacks knowledge or information sufficient to form a belief about the truth of these allegations, which has the effect of a denial under Rule 8(b)(5). FactorTrust states that the remaining allegations of this paragraph are legal conclusions and, so stating, denies them.

13.[sic] Federal Prosecutors have gotten wise to this recently[12]

**ANSWER:** FactorTrust states that it lacks knowledge or information sufficient to form a belief about the truth of these allegations, including its footnotes, which has the effect of a denial under Rule 8(b)(5).

14.[sic] The Plaintiff disputed these adverse entries based on the growing enforcement actions against such lenders.... [sic] To put it another way, only honest, resoundingly legal [sic] belong on people's Consumer Reports.

**ANSWER:** FactorTrust states that it lacks knowledge or information at this time sufficient to form a belief about the truth of these allegations, which has the effect of a denial under Rule 8(b)(5).

15.[sic] BUT, the Plaintiff received another letter from the Defendant with regard [sic] to Dispute 16167 [sic] ( This Letter is Addendum 6).

    a.    This Letter stated (in the "Notes" section on Page 2):

*Good afternoon,*

*We are in receipt of your information, however the disputed loan above is also*

---

[1] On January 5th 2018 [sic], Scott Tucker was sentenced to 16 years and 8 months in Federal Prison for running such a scheme (United States v. Tucker, No. 1:16-cr-91) [sic]
**Answer:** FactorTrust states that it lacks knowledge or information sufficient to form a belief about the truth of these allegations, which has the effect of a denial under Rule 8(b)(5).

[2] On July 6th, 2018, Charles Hallinan was sentenced to 14 years in Federal Prison for running such a scheme (United States, v. Hallinan, No. 16-130).
**Answer:** FactorTrust states that it lacks knowledge or information sufficient to form a belief about the truth of these allegations, which has the effect of a denial under Rule 8(b)(5).

> *included in your other submitted dispute (Dispute ID: 16166), therefore this dispute <u>(Dispute 1616)</u> has been cancelled due to a duplicate item. If you have any questions* [sic]

**ANSWER:** FactorTrust states that the document identified as "Addendum 6" speaks for itself. FactorTrust states that it lacks knowledge or information at this time sufficient to form a belief about the truth of these allegations, which has the effect of a denial under Rule 8(b)(5). FactorTrust states that it lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations, which has the effect of a denial under Rule 8(b)(5).

16.[sic] This Letter essentially argued that, due to the Plaintiff submitting a Dispute completely unrelated to Dispute 16167 that Dispute 16167 should be "cancelled" due to the fact that the dispute [sic] the same loan.

**ANSWER:** FactorTrust states that the document identified as "Addendum 6" speaks for itself. FactorTrust states that it lacks knowledge or information at this time sufficient to form a belief about the truth of these allegations, which has the effect of a denial under Rule 8(b)(5). FactorTrust states that the remaining allegations of this paragraph are legal conclusions and, so stating, denies them.

17.[sic] 15 U.S.C. § 1681s Subsection (b) outlines the responsibilities of furnishers upon receipt of a dispute from a Credit Reporting Agency initiated by a consumer:

> (b) Duties of furnishers of information upon notice of dispute
> (1) In general
> After receiving notice pursuant to section 168li (a)(2) of this title of a dispute with regard to the completeness or accuracy of any information provided by a person to a consumer reporting agency, the person shall-
>     (A) conduct an investigation with respect to the disputed information;
>     (B) review all relevant information provided by the consumer reporting agency pursuant to section 1681i (a)(2) of this title;
>     (C) report the results of the investigation to the consumer reporting agency;
>     (D) if the investigation finds that the information is incomplete or inaccurate,

> report those results to all other consumer reporting agencies to which the person furnished the information and that compile and maintain files on consumers on a nationwide basis; and
>
> (E)  if an item of information disputed by a consumer is found to be inaccurate or incomplete or cannot be verified after any reinvestigation under paragraph (1), for purposes of reporting to a consumer reporting agency only, as appropriate, based on the results of the reinvestigation promptly-
>
>   (i)   modify that item of information;
>   (ii)  delete that item of information; or
>   (iii) permanently block the reporting of that item of information.

**ANSWER:**  FactorTrust states that the allegations of this paragraph, including its subparts, are legal conclusions and, so stating, denies them.

## Discussion And Prayer For Relief

[sic] The Plaintiff argues that The [sic] Defendant willfully violated their [sic] duties under 15 U.S.C. § 1681s Subsection (b) by failing to conduct an investigation into Dispute 16167 based on it being a "duplicate" of Dispute 16166.  One would have to be either profoundly unreasonable or willfully non-compliant to confuse the two.

**ANSWER:**  FactorTrust denies the allegations of this paragraph.

Due to the material differences in the Disputes as well as the complete lack of overplap [sic] of logic upon which they were based, the Defendant's logic. [sic]

15 U.S.C. § 1681n mandates:

> (a) In general --Any person who willfully fails to comply with any requirement imposed under this subchapter with respect to any consumer is liable to that consumer in an amount equal to the sum of-
> (1)
>   (A) any actual damages sustained by the consumer as a result of the failure or damages of not less than $100 and not more than $1,000; or
>   (B) in the case of liability of a natural person for obtaining a consumer report under false pretenses or knowingly without a permissible purpose, actual damages sustained by the consumer as a result of the failure or $1,000, whichever is greater;
> (2) such amount of punitive damages as the court may allow; and
> (3) in the case of any successful action to enforce any liability under this section, the costs of

the action together with reasonable attorney's fees as determined by the court." [sic]

- The Plaintiff contends that the Defendant willfully violated 15 U.S.C. § 1681 *et. Seq.* [sic] and prays the Court allow the Plaintiff statutory Damages in the Amount of $1,000 [sic]

- The Plaintiff further contends that the Defendant's actions were so egregious that it can reasonably be argued that the Defendant's main priority is not fairness towards the consumer with respect to consumer reporting.

    o The Plaintiff furgher [sic] argues that this disregard towards the rights of consumers runs contrary to the very purpose and spirit of the FCRA, and that punitive damages are justified.
    o The Plaintiff then humbly prays the Court to Allow Damages in the Amount of or [sic] $3,999.

**ANSWER:** FactorTrust denies the allegations of this paragraph FactorTrust states that the remaining allegations of this paragraph are legal conclusions and, so stating, denies them.

## AFFIRMATIVE DEFENSES

1. Plaintiff has failed to state a claim against FactorTrust upon which relief may be granted.

2. Plaintiff's state law and common law claims are pre-empted by the Fair Credit Reporting Act, 15 U.S.C. § 1681, et seq.

3. FactorTrust's reports concerning Plaintiff were true or substantially true.

4. FactorTrust has at all times followed reasonable procedures to assure maximum possible accuracy of its credit reports concerning Plaintiff.

5. Plaintiff's claims are barred, in whole or in part, by the applicable statute of limitations.

6. Plaintiff's claims are barred, in whole or in part, by 15 U.S.C. §§ 1681h(e) and/or 1681t.

7. At all relevant times, FactorTrust acted within the absolute and qualified privileges afforded it under the FCRA, the United States Constitution, applicable State Constitutions and the common law.

8. Plaintiff's claims are barred, in whole, or in part, by the equitable theories of estoppel, waiver and laches.

9. Plaintiff has failed to take reasonable steps to mitigate his damages, if any.

10. Plaintiff's damages are the result of acts or omissions committed by Plaintiff.

11. Plaintiff's damages are the result of acts or omissions committed by the other parties over whom FactorTrust has no responsibility or control.

12. Plaintiff's damages are the result of acts or omissions committed by non-parties to this action over whom FactorTrust has no responsibility or control.

13. Any claim for exemplary or punitive damages asserted by Plaintiff violates FactorTrust's rights under the Due Process and Excessive Fines clauses of the Fifth, Sixth, Eighth and Fourteenth Amendments to the United States Constitution and the analogous provisions of applicable State Constitutions and under the First Amendment of the United States Constitution and the analogous provisions of applicable State Constitutions.

14. FactorTrust reserves the right to assert additional defenses as may become apparent through additional investigation and discovery.

WHEREFORE, Defendant FactorTrust, Inc., by counsel, denies that Plaintiff is entitled to judgment or to any of the relief sought, and respectfully requests that judgment be entered in its favor and against Plaintiff on all counts set forth in the Complaint, and that FactorTrust, Inc., be awarded its costs incurred in defending this action, along with such other relief as this Court deems equitable and just.

        Respectfully submitted,

        */s/ Robert J. Schuckit*
        Robert J. Schuckit, Esq. (MD Federal Bar #14125)
        Schuckit & Associates, P.C.
        4545 Northwestern Drive
        Zionsville, IN  46077
        Telephone:  (317) 363-2400
        Fax:  (317) 363-2257
        E-Mail:  rschuckit@schuckitlaw.com

        *Lead Counsel for Defendant FactorTrust, Inc.*

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a copy of the foregoing has been filed electronically on the **19th day of September, 2018**.  Notice of this filing will be sent to the following parties by operation of the Court's electronic filing system.  Parties may access this filing through the Court's electronic filing.

| None. | |
|---|---|

The undersigned further certifies that a true copy of the foregoing was served on the following parties via First Class, U.S. Mail, postage prepaid, on the **19th day of September, 2018**, properly addressed as follows:

| **Pro Se Plaintiff**<br>John Van Druff<br>19429 Olney Mill Road<br>Olney, MD  20832 | |
|---|---|

          */s/ Robert J. Schuckit*
          Robert J. Schuckit, Esq. (MD Federal Bar #14125)
          Schuckit & Associates, P.C.
          4545 Northwestern Drive
          Zionsville, IN  46077
          Telephone:  (317) 363-2400
          Fax:  (317) 363-2257
          E-Mail:  rschuckit@schuckitlaw.com

          *Counsel for Defendant FactorTrust, Inc.*